# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Joel Steinmetz,

individually and on behalf of all others similarly situated,

Plaintiff(s)

-v.-

Financial Recovery Services, Inc.,

Defendant(s).

Index No.

**Plaintiff designates Kings County as the place of trial. The basis of venue is Plaintiff's residence.**

**SUMMONS**

To the above-named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 4, 2022, Nassau County, New York

Sincerely,

**Stein Saks, PLLC**
s/ Eliyahu Babad
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com
*Counsel for Plaintiff*

Defendant'(s) address(es) for service of process:
Financial Recovery Services, Inc.
4510 W 77th Street, Suite 200, Edina, MN, 55435.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Joel Steinmetz,<br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br><br>Financial Recovery Services, Inc.<br>Defendants. | Index No.<br><br>**VERIFIED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Joel Steinmetz brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against defendant Financial Recovery Services, Inc. ("FRS"), individually and on behalf of a class of all others similarly situated, pursuant to Article 9 of the New York Civil Practice Law and Rules, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws...[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action as Plaintiff was and is a resident of the County of Kings, State of New York.

4. The federal courts do not have jurisdiction over this matter as Plaintiff has not alleged a U.S. Const. Article III-worthy case or controversy.

5. Plaintiff does not have standing to bring suit in federal court.

6. Venue is proper in this judicial district as this is where the Plaintiff resides, the acts and transactions occurred here, and Defendant transacts business here.

## NATURE OF THE ACTION

7. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

8. Plaintiff is seeking damages and declaratory relief.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Kings.

10. Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

11. FRS has a service address at 4510 W 77th Street, Suite 200, Edina, MN, 55435.

12. Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly collects debts and engages in business the principal purpose of which is the collection of debts.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Article 9 of the CPLR.

14. The Class consists of:

a. all individuals with addresses in the State of New York;

b. to whom Defendant FRS sent an initial letter;

c. attempting to collect a consumer debt;

d. where the Letter states a zero-balance for interest or fees although the total balance actually includes interest or fees, respectively;

e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Article 9 of the CPLR because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Article 9 of the CPLR is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above allegations as if set forth here.

23. Some time prior to March 4, 2021, Plaintiff allegedly incurred an obligation to non-party Synchrony Bank.

24. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

25. The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Synchrony Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. According to Defendant, LVNV purchased the Synchrony Bank account.

28. According to the Defendant, LVNV placed the debt with FRS to collect upon.

29. Defendant FRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - March 4, 2021 Collection Letter*

30. On or about March 4, 2021, FRS sent Plaintiff an initial collection letter regarding the debt, originally allegedly owed to Synchrony Bank. See Letter attached as Exhibit A.

31. The collection letter states:

> **Balance Itemization**
> Interest Balance: $0.00
> Cost Balance: $0.00
> Fee Balance: $0.00
> Total Balance Due: $669.45

32. The letter lists the "Interest Balance" as $0.00.

33. The letter lists the "Cost Balance" as $0.00.

34. The letter lists the "Fee Balance" as $0.00.

35. The letter then states that the "Total Balance Due" is $669.45.

36. However, these amounts are false or deceptive.

37. The interest balance is more than zero dollars.

38. The fees balance is more than zero dollars.

39. To state that there is no interest or fees owed is therefore false, deceptive and unfair.

40. In fact, the alleged "Total Balance" includes interest and/or fees.

41. Even if the interest and/or fees were added by Synchrony Bank, the listed amounts are false or misleading.

42. Defendant deceptively tried to make it appear that no interest or fees are owed.

43. Defendant deceptively tried to make it appear that the balance does not include interest or fees making it appear that the owed consists exclusively of principal.

44. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

45. Plaintiff therefore knows that the balance on this letter includes interest and/or fees.

46. To state that there is no interest or fees owed is therefore false, deceptive and unfair.

47. Previous attempts at collection and/or statements demonstrated that there was interest and fees owed as part of the total balance.

48. Yet Defendant's current letter did not state this.

49. Plaintiff was unsure what to believe.

50. Plaintiff was uncertain as to the correct balance and how much, if any, of that amount is attributable to interest.

51. Plaintiff was uncertain as to the correct balance and how much, if any, of that amount is attributable to fees.

52. Plaintiff was uncertain as to the correct balance and how much, if any, of that amount is attributable principal.

53. Plaintiff was uncertain of the correct balance for the principal.

54. Plaintiff was uncertain of the correct balance for interest.

55. Plaintiff was uncertain of the correct balance for fees.

56. Plaintiff was misled as to his rights.

57. Defendants deceptively tried to make it appear that nothing was owed for interest or fees to make it appear that the balance consisted only of principal.

58. A debtor is more likely to be willing to pay principal only.

59. A debtor is more reluctant to pay for fees or interest.

60. Implying that the entire balance "Principal" was merely a collection tactic to coerce Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in his best interests.

61. Plaintiff was therefore unable to make a payment on the debt.

62. As Plaintiff had independent knowledge of this debt, Plaintiff could not make sense of the letter.

63. Plaintiff believed that the balance on this letter includes interest and/or fees.

64. Plaintiff also believed that the interest and fees balances are not both zero.

65. Plaintiff also believed that the $669.45 did not consist only of principal.

66. However, Defendant's Letter made him doubt these facts.

67. Plaintiff was no longer as certain as the Letter seemed to state otherwise.

68. The Letter has incorrect amounts listed.

69. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

70. Plaintiff was unable to pay because he does not know what comprises the actual balance.

71. Plaintiff cannot pay the alleged debt, trusting Defendant, when it appears that the amounts stated in Defendant's letter are incorrect.

72. Because of this, Defendant expended time and effort in determining the proper course of action.

73. Plaintiff is not a deadbeat.

74. Plaintiff desires to pay his debts.

75. But he could not do so in light of the conflicting and incomplete information about the alleged debt.

76. Because he was unable to ascertain from the Letter the true balance and whether it was increasing, Plaintiff was unable to make payment thereon.

77. Defendant's conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendant's letter not been improper.

78. Plaintiff suspected that this entire collection was fraudulent in whole or in part.

79. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter demanding payment appeared false and fraudulent, and did not make sense.

80. Plaintiff spent time trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

81. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

82. It seemed to Plaintiff that this was a possibly fraudulent collection.

83. It seemed to Plaintiff that someone was coming after him collecting on an incorrect debt.

84. It seemed to Plaintiff that the Letter did not explain how or why these amounts became disconnected from reality.

85. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

86. Defendant's deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

87. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

88. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

89. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

90. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

91. Plaintiff has a right not to be subject to collections actions that are deceptive, misleading, and harassing.

92. Yet Defendant's Letter was.

93. As a result of Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

94. Plaintiff repeats the above allegations as if set forth here.

95. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

96. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

97. Defendant violated said section, as described above, by making a false and misleading representation in violation of §§ 1692e, 1692e (2), 1692e (5), and 1692e (10).

98. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

99. Plaintiff repeats the above allegations as if set forth here.

100. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

101. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

102. Defendant violated this section by stating that no interest or fees were owed, when in fact one or both were allegedly owed, and misleading Plaintiff as to the proper course of action.

103. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

104. Pursuant to CPLR 4102, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Joel Steinmetz, individually and on behalf of all others similarly situated, demands judgment pursuant to 15 U.S.C. § 1692 *et seq*., from Defendant FRS as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding damages to Plaintiff and the Class;

c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

d) Awarding pre-judgment interest and post-judgment interest; and

e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 4, 2022

Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 685
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*

**VERIFICATION**

Eliyahu Babad, an attorney admitted to the practice of law before the courts of the State of New York, and not a party to the above-entitled action, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106: I have read the foregoing complaint and know the contents thereof. The same are true based on my knowledge and communication with, and records from, Plaintiff, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true, based on same. This verification is being made by Plaintiff's attorney as Plaintiff is not located in the County in which Plaintiff's attorney's office is located.

s/ Eliyahu Babad
Eliyahu Babad, Esq.

# Exhibit

# A

FRS027 0304-1607521663-02293-2283

DEPT 813 8457951921033
PO BOX 4115
CONCORD CA 94524

RETURN SERVICE REQUESTED

March 4, 2021

JOEL STEINMETZ
[redacted]

**FINANCIAL RECOVERY SERVICES, INC.**

**P.O. Box 385908**
**Minneapolis, MN 55438-5908**
1-844-828-6094

Current Creditor: LVNV FUNDING LLC
Original Creditor: SYNCHRONY BANK
Regarding: AMAZON
Account Number: XXXXXXXXXXXX5215
Date Of Last Payment: 10/01/2019
Charge-Off Date: 05/06/2020
Date First Delinquent: 11/08/2019

**Balance Itemization**
Interest Balance: $0.00
Cost Balance: $0.00
Fee Balance: $0.00
Total Balance Due: $669.45
FRS File Number: XGZ023
On-line PIN Number: 35893536
(Used to access and view your file on WWW.FIN-REC.COM)

********Payments are an option********

As you have not resolved this account, we are extending to you another option.

In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months.

At the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full.

To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St., Suite 200, Edina, MN 55435

Sincerely,

AARON STARK
Account Manager
Toll Free: 1-844-828-6094

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT

******Detach and return this portion of this notice with your payment******

1 OF 3
FRS File #: XGZ023
1-844-828-6094
Balance due as of March 4, 2021: $669.45
Amount enclosed: __________
Home phone: __________
Work phone: __________
Cell phone: __________

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 027

2 OF 3
FRS File #: XGZ023
1-844-828-6094
Balance due as of March 4, 2021: $669.45
Amount enclosed: __________
Home phone: __________
Work phone: __________
Cell phone: __________

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 027

3 OF 3
FRS File #: XGZ023
1-844-828-6094
Balance due as of March 4, 2021: $669.45
Amount enclosed: __________
Home phone: __________
Work phone: __________
Cell phone: __________

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 027